UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPS TO SUCCESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KUMON NORTH AMERICA, INC., <br><br> Defendant. | C.A. No. 08-C-90 <br><br> JUDGE JOHN W. DARRAH <br><br> MAGISTRATE JUDGE MASON |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR REMAND

Plaintiff, Steps To Success, Inc., pursuant to Fed.R.Civ. P. 15(a)(1) and 28 USC § 1447(e), has moved for an order permitting it to file its First Amended Complaint in the above-captioned case, which was recently removed by the defendant, Kumon North America, Inc. ("Kumon") from the Circuit Court of Cook County Illinois. The First Amended Complaint is substantially the same as the amended complaint Plaintiff had sought leave to file in a motion pending in the state court when Kumon initiated the removal. Because the amendment would add two non-diverse defendants, the Court should make a determination, pursuant to 28 USCS § 1447(e), whether to grant this Motion, which will result in the case being remanded to the state court.

465043.1 054523-41195

Plaintiff has filed its Motion with this Court on an emergency basis because it had already filed in the state court, but was unable to have heard because of Kumon's removal, a Motion for Temporary Restraining Order and Preliminary Injunction seeking immediate protection from Kumon's ongoing efforts to transition customers away from Plaintiff and to otherwise move forward with execution of the termination of Plaintiff's franchise scheduled for January 31, 2008. Plaintiff has a strong likelihood of proving that Kumon's termination of Plaintiff's franchise agreement was without cause and that it is entitled to the maintenance of the status quo at least until the court decides the merits of the parties' claims.

I. <u>Legal Standard and Analysis</u>

    A. <u>Fed.R.Civ.P. 15(a)(1)</u>

Plaintiff has not yet been served with a responsive pleading to its Complaint and Fed.R.Civ.P 15 (a)(1) provides:

> A party may amend its pleading once as a matter of course:
>
>     (A)    before being served with a responsive pleading; or
>
>     (B)    within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

    B. <u>28 U.S.C. § 1447(e)</u>,

The joinder of diversity-defeating defendants after removal from the state court is governed by 28 U.S.C. § 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

The decision to permit joinder of diversity-defeating parties is guided essentially by equitable considerations, including plaintiff's motivation in seeking to join the additional party, the timeliness of the request, the prejudice to the parties, and the defendant's interest in a federal forum. *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006). In this case, the Plaintiff's claims against Kumon and the proposed additional defendants have merit, Plaintiff is not amending its complaint to assert its claims only to defeat diversity, there was no delay in moving to amend and there is no undue prejudice to any of the parties. See *id.*

If Plaintiff's request for remand is not granted, Plaintiff will need to pursue a separate action in state court, which would not serve any party nor the court system well and would counter in some respects the protections offered by the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705/26. See *id.* at 784-85; *Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003); 815 ILCS 705, § 2. See also *P&W Supply Co. Inc. v. E.I. DuPont de Nemours & Co. Inc.*, 747 F.Supp. 1262, 1264 (N.D. Ill. 1990) (the statute's purpose is to address the losses suffered by Illinois franchisees); see also *Franklin's Systems, Inc. v. Infanti*, 883 F.Supp. 246, 251 (N.D. Ill. 1995); *Consumer Sales & Marketing, Inc. v. Digital Equipment Corp.*, 1995 WL 548765 (N.D. Ill. 1995) ("There is a strong public interest in Illinois to protect Illinois residents from the abuse by unscrupulous franchisors.") In this case, the Plaintiff is asserting claims pursuant to the IFDA, and there is neither a federal question nor any other special interests that Kumon has in a federal forum.

The balance of the equities weighs in favor of allowing Plaintiff to amend the complaint and remanding the case to Illinois state court.

II.     Factual Background

1.     Plaintiff filed its complaint against Kumon in the Circuit Court of Cook County Illinois on December 18, 2007.

2.     The Complaint alleged, *inter alia*, that Kumon's stated grounds for termination of its franchise agreement with Plaintiff was completely baseless, and that Kumon thereby breached the franchise agreement and violated Section 19 of the IFDA, 815 ILCS 705 / 19.

3.     On December 28, 2007, counsel for Plaintiff finally received, after numerous requests, the alleged factual support for Kumon's termination of Plaintiff's franchise agreement for alleged misreporting of student enrollments.

4.     After review of the alleged supporting document, it became clear to Plaintiff that Kumon managers Ron Conran and Mino Tanabe were intentionally manufacturing a false case for termination.

5.     As evidenced by the Affidavit of Pallavi Shah filed with the Motion for Injunctive Relief, it also became clear that Kumon was intent on harming Plaintiff and taking its customers whether or not Kumon could successfully convince a court of law of its right to terminate. A copy of Ms. Shah's Affidavit (without exhibits) is attached as Exhibit A.

6.     On January 3, 2008, Plaintiff filed, and scheduled for presentment on January 10, 2008 in the Illinois state court, Plaintiff's Motion for Leave to File First Amended Complaint, to assert claims against Ron Conran and Mino Tanabe, who "materially aid[ed] in the act or transaction constituting the violation" of Section 19 of the IFDA, and thus, are "liable jointly and severally with and to the same extent as" Kumon. IFDA, 815 ILCS 705/26. (See Exhibit A attached hereto.)

7. Ron Conran and Mino Tanabe are residents of Illinois and thus, there would no longer be any complete diversity of citizenship between Plaintiff and Defendants.

8. On December 31, 2007, Plaintiff was served with a complaint Kumon had filed in the U.S. District Court for the Northern District of Illinois, Eastern Division, on December 27, 2007 and which is now pending before Judge Norgle, C.A. 07 C 7254.

9. On January 4, 2008, counsel for Plaintiff provided counsel for Kumon with a copy of its proposed First Amended Complaint and drafts of the pleadings in support of its request for injunctive relief.

10. Plaintiffs also sent an e-mail to counsel for Kumon describing some the disputes between the parties and requesting an agreement from defendants for the maintenance of the status quo pending a court hearing.

11. Counsel for Kumon did not respond to the e-mail and did not return telephone calls from counsel for Plaintiff.

12. On January 4, 2008, Kumon filed a Notice of Removal with this court.

13. On January 7, 2008, without any further contact or response from Kumon's counsel, Plaintiff filed its motion requesting immediate injunctive relief in the state court. A copy of that motion is attached as Exhibit B hereto.

14. Plaintiff scheduled the initial hearing on its Motion for TRO and Preliminary Injunction for January 10, 2008.

15. As stated in the Motion and supporting documents, Plaintiff requires the injunctive relief to avoid serious and irreparable harm.

16. On January 7, 2008, and before the state court could act on the Plaintiff's Motion to Amend or on Plaintiff's Motion for Injunctive Relief, Defendant filed its Notice of Filing of Notice of Removal with the Illinois state court. Defendant claimed federal diversity jurisdiction under 28 USCS § 1332 and 1367.

17. Plaintiff now seeks an immediate order to remand so that it may seek an order from the state court granting the requested injunctive relief and maintaining the status quo pending a decision on the merits of the case.

WHEREFORE, Plaintiff requests that the Court (i) grant Plaintiff's Motion for Leave to Amend and (ii) remand this case to the Circuit Court of Cook County Illinois.

Dated: January 11, 2008                         Respectfully submitted,

                                                STEPS TO SUCCESS, INC.,
                                                By its attorneys,


                                                _____

                                                Carmen D. Caruso
                                                Seth M. Rosenberg
                                                SCHWARTZ COOPER CHARTERED
                                                180 N. LaSalle Street, Suite 2700
                                                Chicago, IL 60601
                                                (312) 346-1300
                                                (U.S.D.C., N.D.Ill. Bar No. 6189462)


                                                Rory A. Valas
                                                VALAS AND ASSOCIATES, P.C.
                                                250 Summer Street
                                                Boston, MA 02210
                                                Telephone: (617) 399-2200
                                                (U.S.D.C., N.D.Ill. Bar No. 90785292)